**No. 60087.**—Makris Bros., Inc. *v.* United States, protest 261300–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of Pecorino cheese and Feta cheese similar in all material respects to those the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503) and *Lekas & Drivas, Inc.* v. *United States* (33 Cust. Ct. 242, C. D. 1660), the claim of the plaintiff was sustained.

**No. 60088.**—J. M. Altieri *v.* United States, protest 217156–K (San Juan, P. R.).

DONLON, Judge: Plaintiff, a customhouse broker, petitions to recover part of charges assessed by the collector at San Juan, P. R., for storage of merchandise imported on May 10, 1952, and January 25, 1953, and stored in general order warehouse prior to entry under No. 4872 of May 4, 1953, and No. 5059 of May 19, 1953. The claim is in the form of a letter, dated August 25, 1953, addressed to the collector at San Juan, P. R., applying for refund of excess storage charges. The claim was denied by the collector as untimely, and it was transmitted by the collector to this court, pursuant to section 515 of the Tariff Act of 1930.

On trial, plaintiff, appearing without counsel, testified in his own behalf. The facts as to which he testified are, however, not relevant to the motion now before us, defendant's motion to dismiss on the ground that the protest was not timely filed.

The official papers were put in evidence. Notations on entry No. 5059 indicate that the disputed storage charge was paid May 19, 1953, and the entry liquidated October 30, 1953. Similar notations on entry No. 4872 show storage charge paid May 4, 1953, and the entry liquidated November 27, 1953. No protest as to either item was filed after liquidation. The issue raised by defendant's motion is whether plaintiff's letter of August 25, 1953, is a timely protest under the provisions of section 514 of the Tariff Act of 1930.

Defendant's memorandum in support of its motion argues that any protest should be filed within 60 days after liquidation; that liquidation was October 30, 1953, in one case, and November 27, 1953, in the other case; that the letter, dated August 25, 1953, was filed prior to either liquidation and, therefore, is premature. The collector's denial of refund was, however, on the theory that protest on August 25, 1953, was untimely, because it was filed more than 60 days after assessment and collection of the storage charges on May 4, 1953, and May 19, 1953.

Plaintiff offers no argument. His grievance, as stated in his testimony on trial, seems to be that he has been injured by failure of the collector timely to notify him to file a protest.

Plaintiff's position is untenable. August 25, 1953, was more than 60 days after assessment and collection of the storage charges on May 4, 1953, and May 19, 1953, and was prior to liquidation of either entry. Whether a protest under section 514 should have been filed within 60 days of assessment and collection of the storage charges, or within 60 days of liquidation, we do not need now to decide. In this case, neither time provision was met.

Defendant's motion to dismiss is granted.